In the Matter of the Application of C. BERTRAND RACE, Attorney and Counselor at Law of the State of New York, Appellant, for Adjudication of Said Attorney's Rights and for the Enforcement of Said Attorney's Lien upon Certain Funds in His Hands in the Form of a Certified Draft Payable to CHRISTINA G. HARRIS, Respondent, in the matter of C. BERTRAND RACE, Plaintiff, against CHRISTINA G. HARRIS, Defendant.

Third Department, June 27, 1935.

*C. Bertrand Race* in person [*Daniel H. Prior* of counsel], for the appellant.

*John T. DeGraff,* for the respondent.

PER CURIAM. Appellant seeks, under section 475 of the Judiciary Law, to have determined in the Supreme Court the amount of his attorney's lien upon a certified draft payable to his client and which is now in his possession. The agreement as to compensation is in writing. The fund upon which the lien is claimed was obtained from the estate of the deceased husband of the client. The petition in this proceeding was dismissed upon the ground that the Surrogate's Court was best fitted to determine the rights of the parties under section 231-a of the Surrogate's Court Act. Some time subsequent to the beginning of this proceeding the client presented a petition in Surrogate's Court asking that the lien be fixed there. The jurisdiction of the Surrogate's Court under section 231-a is at least doubtful. A determination thereunder is incident to a

settlement of an estate. The power of the Surrogate's Court is to direct payment " from the estate generally or from the funds in the hands of the representative belonging to any * * * distributee." The fund here has been separated from the estate by the giving of a certified draft. Its only identity with the estate or the funds thereof is that it was obtained therefrom. The Supreme Court obtained jurisdiction prior to the filing of the petition in the Surrogate's Court, and the appellant is entitled to a determination in the forum of his selection. It has full power to hear and determine the issues raised by the petition and the answer.

The order should be reversed, with costs, and matter remitted to the Special Term.

HILL, P. J., McNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with costs to the appellant, and matter remitted to Special Term.